County of Nassau v Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. (2021 NY Slip Op 01749)





County of Nassau v Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc.


2021 NY Slip Op 01749


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-04860
 (Index No. 603206/18)

[*1]County of Nassau, appellant, 
v
Nassau County Sheriff's Correction Officers Benevolent Association, Inc., et al., respondents.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee and William C. De Witt of counsel), for appellant.
Koehler & Isaacs LLP, New York, NY (Liam L. Castro of counsel), for respondents.



DECISION & ORDER
In an action for a judgment declaring that a memorandum of agreement dated September 15, 2017, is invalid and unenforceable, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 8, 2019. The order and judgment, upon an order of the same court dated December 7, 2018, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel arbitration, and dismissed the complaint.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof dismissing the complaint, and (3) by adding thereto a provision staying the action pending arbitration; as so modified, the order and judgment is affirmed, without costs or disbursements, the complaint is reinstated, and the order is modified accordingly.
In March 2018, the plaintiff, County of Nassau, commenced this declaratory judgment action against the defendants, Nassau County Sheriff's Correction Officers Benevolent Association, Inc. (hereinafter the Benevolent Association), and Brian Sullivan, as president of the Benevolent Association. The County alleged that it and the Benevolent Association are parties to a collective bargaining agreement, as well as a subsequent memorandum of agreement dated September 15, 2017 (hereinafter the agreement). The County sought a judgment declaring that the agreement, which addressed, inter alia, longevity payments, is invalid and unenforceable because it was based upon a mutual mistake of fact. The Benevolent Association submitted a grievance on behalf of its members alleging, inter alia, that its members were not receiving longevity payments in accordance with the agreement.
The County subsequently commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration against the Benevolent Association, which is the subject of a related appeal (Matter of County of Nassau v Nassau County Sheriff's Correction Officers Benevolent Association, Inc., ___ AD3d ___ [decided herewith]).
In this action, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel the County to submit to arbitration. In an order and judgment entered February 8, 2019, the Supreme Court granted the defendants' motion and dismissed the complaint. The County appeals.
For the reasons set forth in County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County (188 AD3d 1049), we modify the order and judgment by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, substituting therefor a provision denying that branch of the motion, by deleting the provision thereof dismissing the complaint, and by adding thereto a provision staying the action pending arbitration.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court